**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 01-5003

MELINDA THERESA SMITH,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-01-305-S)

Submitted: April 30, 2002

Decided: June 3, 2002

Before LUTTIG and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Alan R.L. Bussard, Towson, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Gregory Welsh, First Assistant United States Attorney, Jonathan M. Mastrangelo, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Melinda Theresa Smith was convicted by a jury of two counts of aiding and abetting in a scheme to commit bank fraud, in violation of 18 U.S.C. § 1344 (1994), and two counts of aiding and abetting the making, uttering, and possessing of forged securities in violation of 18 U.S.C. § 513 (1994). The court subsequently sentenced Smith to twelve months' imprisonment. On appeal, Smith challenges the sufficiency of the evidence to support her convictions, the sentence imposed, and the adequacy of the district court's jury instructions. We affirm.

First, Smith challenges the sufficiency of the evidence. In reviewing a sufficiency of the evidence claim on appeal, we must sustain the verdict if the record contains "substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard, we give due regard to the fact finder's prerogative to resolve questions of credibility. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996). At trial, the Government presented testimony that company checks had been forged, that Smith knew where blank company checks were stored, and that she had the only key to one location where checks were stored. The Government also presented testimony from a co-conspirator who knew Smith socially. The co-conspirator testified as to Smith's involvement in the check forging scheme and that she received a portion of the proceeds. Construing this evidence in the light most favorable to the Government, we conclude the Government presented sufficient evidence for a reasonable trier of fact to find Smith guilty beyond a reasonable doubt of the charges against her.

Next, Smith argues that she should have received a four-level reduction in her offense level for being a minimal participant as defined by *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000), rather

than receiving only a two-level reduction for being a minor partici-
pant. We review this claim for clear error. *United States v. Daughtrey*,
874 F.2d 213, 218 (4th Cir. 1989). A defendant may play a minor role
if she is less culpable than most other participants but has more than
a minimal role. USSG § 3B1.2 comment. (n.3). However, the court
should "not only compare the defendant's culpability to that of the
other participants, but also 'measur[e] . . . [it] against the elements of
the offense of conviction.'" *United States v. Reavis*, 48 F.3d 763, 869
(4th Cir. 1995) (quoting *United States v. Daughtrey*, 874 F.2d 213,
216 (4th Cir. 1989). "The critical inquiry is not . . . whether the defen-
dant has done fewer 'bad acts' than her codefendants, but whether the
defendant's conduct is material or essential to committing the
offense." *Palinkas*, 938 F.2d at 460.

The district court found that although Smith played a minor role in
the offense in comparison to her co-conspirators, her participation
was essential to the crime. We conclude the district court did not
commit error, let alone clear error, in finding Smith was a minor par-
ticipant in the offenses, resulting in only a two-level reduction.

Finally, Smith alleges the district court erred in not instructing the
jury on the "two inference" rule. In general, the decision to give, or
not to give, a jury instruction and the content of that instruction are
reviewed for an abuse of discretion. *United States v. Burgos*, 55 F.3d
933, 935 (4th Cir. 1995). Because the district court's jury charge
fairly conveyed the concept of reasonable doubt to the jury and prop-
erly emphasized the Government's burden of proof, we conclude the
court did not abuse its discretion in refusing Smith's proposed instruc-
tion.

Accordingly, we affirm Smith's convictions and sentence. We dis-
pense with oral argument because the facts and legal contentions are
adequately presented in the materials before the court and argument
would not aid the decisional process.

*AFFIRMED*